UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM R. RIDDELL,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF DEFENSE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 05-01680<br>)   (RJL)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure, Defendant Department of Defense, ("Defendant"), through counsel, hereby moves to dismiss Plaintiff's complaint, on the ground that Plaintiff has failed to properly and timely serve the summons and complaint. In further support of this motion, Defendant respectfully refers the Court to the attached memorandum of points and authorities.

Because this is a dispositive motion, LCvR 7(m) does not apply.

April 27, 2006

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, N.W, Room E4208
Washington, D.C. 20530
(202) 305-4851

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM R. RIDDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-01680 |
| | ) | (RJL) |
| | ) | |
| DEPARTMENT OF DEFENSE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff filed this action on August 22, 2005. See USDC Pacer Doc. No. 1, Exhibit 1 The Plaintiff appears to have served Defendant at one of their regional offices. However, that premise is based upon a Proof of Service By Mail By Prisoner "In Pro Per". See Proof of Service, Exhibit 2. It is still unclear when service of the summons was actually received by the Defendant or whether it was even properly served. Further the Plaintiff has not filed, as of the date of this motion, Proof of Service as required by the Fed. R. Civ. P. 4(l) specifying the date of service upon the United States Attorney's Office for the District of Columbia, or upon the Attorney General of the United States.[1]  See Dkt. The Department of Defense's regional offices are not authorized to accept service on behalf of the United States Attorney.

Plaintiff, having failed to properly effect service within 120 days of filing the complaint, his complaint is subject to dismissal under Fed. R. Civ. P. 4(m).

---

[1] Pursuant to Fed. R. Civ. P. 4(i)(1)(B), the plaintiff also must send a copy of the summons and of the complaint "by registered or certified mail to the Attorney General of the United States."

## II. ARGUMENT

Pursuant to Fed. R. Civ. P. 4(m), a defendant must be properly served with the summons and complaint within 120 days of the filing of the complaint. If he is not, the court "shall" either dismiss the action against him without prejudice or direct that service be effected within a specified period. Id.

Pursuant to Fed. R. Civ. P. 4(i)(1), service upon the United States must be effected by "delivering a copy of the summons and of the complaint to *the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of court* or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney." Fed. R. Civ. P. 4(i)(1)(A) (emphasis added). Upon effecting service, "the person effecting service shall make proof thereof to the court." Fed. R. Civ. P. 4(l). Once the U.S. Attorney has been properly served, the United States must answer the complaint within 60 days. Fed. R. Civ. P. 12(a)(3)(A). Plaintiff has failed to effect proper service upon the United States, as this Court previously has held in a similar case, "[t]o accomplish service, a plaintiff *must* serve the United States as prescribed in Rule 4(i)(1)." Wells v. Newsome, No. 03-228, slip op. at 3 (D.D.C. August 21, 2003) (emphasis added) (holding that service by certified and registered mail addressed to "Assist U.S. Attorney Office" was improper).

Nor has Plaintiff attempted to cure the defective service of process upon the United States. As shown in the attached declaration of Cynthia R. Parker, the Civil Division's Summons and Complaint Service Book reflects that Plaintiff never has served this Office with a

copy of the summons and complaint. See Declaration of Cynthia R. Parker, attached hereto as Exhibit 3.

More than 120 days have passed since Plaintiff filed the complaint on August 22, 2005. Plaintiff has failed to make proper service within 120 days of filing his complaint, and accordingly the complaint is subject to dismissal under Rule 4(m).

### III. CONCLUSION

Based upon the foregoing, Defendant respectfully requests that Plaintiff's complaint be dismissed under Fed. R. Civ. P. 4(m) and 12(b)(5).

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 305-4851

## CERTIFICATE OF SERVICE

I hereby certify that, this 27th day of April, 2006, I caused a copy of the foregoing to be served upon the *pro se* plaintiff by first class mail, addressed as follows:

William R. Riddell
7819 N.W. 228th Street
Raiford, FL 32026

_____
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 305-4851